IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,897-03






EX PARTE EDWARD BENJAMIN BAKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1080742 IN THE 263RD DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to forty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. 
Baker v. State, No. 14-08-00047-CR (Tex. App. - Houston [14th Dist.] March 31, 2009).

 Applicant contends, inter alia, (1) that his trial counsel rendered ineffective assistance because
counsel failed to investigate, file pre-trial motions, seek out witnesses, or request funds for experts. 
Applicant also alleges that counsel opened the door to admission of damaging hearsay testimony
when he had a State's witness read from a portion of a statement given by a witness who was not
available to testify at trial. After counsel had the witness read a small portion of the statement in
question, the State had the witness read the entire statement, without objection from the defense. 
The portion of the statement elicited by the State included Applicant's admission of having shot the
victim, in addition to his assertion that the victim was not the first person Applicant had shot. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. 
Specifically, counsel shall state what investigation he performed prior to trial, and whether he had
access to all the police reports and witness statements. If counsel did have access to those reports
and statements, and knew the content of the absent witness Richard Sosa's statement, counsel shall
state why he asked Detective Millard Waters to read a portion of Sosa's statement in front of the
jury, when it was undisputed that the victim was not the intended target of the shooting. Counsel
shall also state why he did not object when Waters was asked by the State to read the entire
statement, including Applicant's admission that he did, in fact, shoot the victim. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: June 12, 2013

Do not publish

1. This Court has reviewed Applicant's other claims and found them to be without merit.